UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

---

DENNIS MILTON JONES, ET AL.            CIVIL ACTION NO. 23-370

VERSUS                                 JUDGE ELIZABETH E. FOOTE

VIDRIOS SAN MIQUEL, S.L., ET AL.       MAGISTRATE JUDGE MCCLUSKY

---

## MEMORANDUM RULING

Before the Court is a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), filed by Defendant Vidrios San Miquel, S.L. ("Vidrios"). See Record Document 12. For the reasons stated below, Vidrios's motion to dismiss [Record Document 12] is **DENIED**.

## BACKGROUND

Sherill Jones ("Jones") alleges that on September 24, 2021, she visited a Paul Michael Company store in Monroe, Louisiana, with her minor daughter, hereinafter referred to as "CAJ." See Record Document 1-2 at 3. While shopping, Jones claims that she picked up an unpackaged glass vase, held the vase over her head to examine the price of the item, and the glass vase suddenly exploded. See id. Plaintiffs assert that the glass shards from the vase resulted in "profuse bleeding about her head, face, hands, and arms." Id. at 4. Plaintiffs allege that CAJ was standing adjacent to her mother and observed the explosion. As a result, Plaintiffs contend that CAJ "suffered severe and lasting emotionally traumatic injuries." Id. at 5.

On September 22, 2022, Plaintiffs filed suit in Louisiana's 4th Judicial District Court for the Parish of Ouachita, naming as defendants Vidrios, Elk Lighting, Inc. ("Elk"), Paul Michael d/b/a Paul Michael Company ("Paul Michael"), Travelers Indemnity Company of America

("Travelers"), and Westfield Insurance Company ("Westfield"). Plaintiffs allege that Vidrios is a foreign corporation who manufactured the glass vase that exploded. <u>See</u> Record Document 1-2 at 3, 5. Plaintiffs maintain that Elk is a corporation domiciled in Pennsylvania that "manufactur[es], market[s] and distribut[es] lighting products and accessories to various wholesalers, retailers, department stores, and home improvement companies." <u>Id.</u> at 5. Elk allegedly purchased the vase from Vidrios. <u>See</u> Record Document 12-2 at 3. Plaintiffs assert that Paul Michael is an Arkansas resident, authorized to do and doing business in Ouachita Parish and Louisiana,  who owns retail stores specializing in home decor. <u>See</u> Record Document 1-2 at 5. Elk allegedly imported the glass vase and distributed and sold it to Paul Michael. <u>See id.</u> Plaintiffs maintain that Travelers is an insurance company that had in full force and effect a policy of liability insurance to and in favor of Paul Michael which provided coverage for its acts of negligence. <u>See id.</u> Additionally, Plaintiffs assert Westfield is an insurance company that had in full force and effect a policy of liability insurance to and in favor of Elk which provided coverage for its acts of negligence. <u>See id.</u> The case was removed to this Court on March 22, 2023.

On May 4, 2023, Vidrios filed a motion to dismiss, arguing that this Court does not have general or specific personal jurisdiction over it. Plaintiffs allege that Vidrios is an "alien corporation authorized to do and doing business in this parish and state which is believed to be domiciled and headquartered in Spain." <u>Id.</u> at 3. Vidrios affirms that it is a company organized under the laws of Spain, and its principal place of business is in Valencia, Spain. <u>See</u> Record Document 12-1 at 2; Record Document 12-2 at 1. Vidrios argues that the company is not "authorized" to do business in Louisiana. <u>See</u> Record Document 12-1 at 2. Vidrios further argues that it has never done business in Louisiana. <u>See id.</u> Vidrios contends that it has no offices,

factories, or stores in Louisiana. See id. Additionally, Vidrios further contends that it does not sell its products to consumers in Louisiana nor market its products in Louisiana. See id.

Vidrios attached a declaration of Rafael Fornes Juan, the President of Vidrios. See Record Document 12-2. Juan stated that Vidrios manufactures 13,000,000 units per year, and only forty percent of those units are known to be sold directly to business entities located in the United States. See id. at 1. According to Juan, of Vidrios's annual sales, fourteen percent of its annual sales are to distributors and eighty-six percent are to chain stores, and none are known to operate in Louisiana. See id. Juan stated that Elk purchased the vase at issue as part of a larger order, and the order was tendered to Elk "free on board" in Valencia, Spain. See id. at 2. Juan maintains that Vidrios was unaware of the destination of the order or the identity or location of any subsequent purchaser. Therefore, Vidrios filed this motion to dismiss for lack of personal jurisdiction.

## LAW AND ANALYSIS

### I.  Personal Jurisdiction.

Federal Rule of Civil Procedure 12(b)(2) authorizes a motion to dismiss for lack of personal jurisdiction. When a defendant challenges a court's exercise of personal jurisdiction, the plaintiff bears the burden of proving that jurisdiction does, in fact, exist. See Guidry v. U.S. Tobacco Co., 188 F.3d 619, 626 (5th Cir. 1999). On a pretrial motion such as this one where no evidentiary hearing is held, the uncontroverted allegations in the plaintiff's complaint must be taken as true and any conflicts between facts contained in the parties' affidavits must be resolved in the plaintiff's favor. See Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990). Those facts must create for the plaintiff only a prima facie showing of jurisdiction. See Travelers Indem. Co. v. Calvert Fire Ins. Co., 798 F.2d 826, 831 (5th Cir. 1986). A plaintiff who satisfies the minimal standard must still prove, by a preponderance of the evidence, the jurisdictional facts before

obtaining relief on the merits against the non-resident. See id.; see also Felch v. Transportes Lar-Mex SA DE CV, 92 F.3d 320, 326 (5th Cir. 1996).

To exercise personal jurisdiction, a federal court sitting in diversity must satisfy both statutory and constitutional requirements. See Marathon Oil Co. v. A.G. Ruhrgas, 182 F.3d 291, 294 (5th Cir. 1999). The state's long-arm statute must confer jurisdiction over the defendant, and the court's exercise of personal jurisdiction must be consistent with the due process clause of the Fourteenth Amendment. See id. The Louisiana long-arm statute, Louisiana Revised Statute 13:3201, provides for the exercise of personal jurisdiction over a nonresident defendant by stating that:

> A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
>
> . . . .
>
> (8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.
>
> B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.

The Louisiana long-arm statute is coextensive with the limits of constitutional due process, merging the statutory and constitutional analyses into one. See La. R.S. § 13:3201(B); A&L Energy, Inc. v. Pegasus Grp., 2000-3255 (La. 6/29/01); 791 So. 2d 1266, 1270.

Due process requires that a defendant has sufficient minimum contacts with the forum state and that the exercise of jurisdiction is consistent with traditional notions of fair play and substantial justice. See Walk Haydel & Assoc., Inc. v. Coastal Power Prod. Co., 517 F.3d 235, 243 (5th Cir.

2008). The defendant must have committed an act which purposefully avails itself of the privilege of conducting activities with the forum state, and therefore, invoked the benefits and protections of the forum state's laws. See Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228 (1958).

"Minimum contacts" may give rise to either general or specific personal jurisdiction. Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo., 615 F.3d 364, 368 (5th Cir. 2010). General personal jurisdiction empowers a court to hear "any and all claims" against a defendant whose contacts with the forum state are "continuous and systematic" such that the defendant is "at home" in the state. Daimler AG v. Bauman, 571 U.S. 117, 121, 134 S. Ct. 746, 751 (2014). Specific personal jurisdiction exists when the defendant's contacts with the state arise from or are directly related to the cause of action. See Marathon Oil, 182 F.3d at 295. To determine whether a court may exercise specific jurisdiction, the Fifth Circuit prescribes a three-step analysis: "(1) whether the defendant has minimum contacts with the forum state; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." Jackson v. Tanfoglio Giuseppe, S.R.L., 615 F.3d 579, 585 (5th Cir. 2010) (citing Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 271 (5th Cir. 2006)). The contacts, while not as substantial as those required for an exercise of general jurisdiction, may not be merely "random, fortuitous, or attenuated." Clemens v. McNamee, 615 F.3d 374, 379 (5th Cir. 2010). Additionally, the contacts cannot result from the "unilateral activity of another party or third person." ITL Int'l, Inc. v. Constenla, S.A., 669 F.3d 493, 498 (5th Cir. 2012). If the plaintiff successfully establishes the first two prongs, the burden shifts to the defendant to show that litigation in the forum state would be "'so gravely difficult and inconvenient' that a party unfairly is at a 'severe disadvantage' in comparison to [its] opponent." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478, 105 S. Ct. 2174, 2185 (1985)

**II. Analysis.**

Vidrios argues that its contacts with the state of Louisiana do not meet the requirements for either general or specific jurisdiction. <u>See</u> Record Document 12-1 at 2. Plaintiffs, along with Defendants Paul Michael, Travelers, Westfield, and Elk (hereinafter, collectively "the Non-moving Defendants") oppose Vidrios's motion to dismiss. <u>See</u> Record Documents 18 and 21.[1] Plaintiffs and the Non-moving Defendants agree there is no general jurisdiction in this case, and therefore the Court's analysis will focus on specific jurisdiction.

Plaintiffs' and the Non-moving Defendants' theory of personal jurisdiction is the "stream of commerce." Record Document 18 at 4; Record Document 21 at 5. "That doctrine recognizes that a defendant may purposely avail itself of the protection of a state's laws—and thereby will subject itself to personal jurisdiction—'by sending its goods rather than its agents' into the forum." <u>In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.</u>, 888 F.3d 753, 778 (5th Cir. 2018) (quoting <u>J. McIntyre Mach., Ltd. v. Nicastro</u>, 564 U.S. 873, 882, 131 S. Ct. 2780, 2788 (2011)). Under the "stream of commerce" approach to personal jurisdiction, the Fifth Circuit has consistently found that "the minimum contacts requirement is met so long as the court 'finds that the defendant delivered the product into the stream of commerce with the expectation that it would be purchased by or used by consumers in the forum state.'" <u>Ainsworth v. Moffett Eng'g, Ltd.</u>, 716 F.3d 174, 177 (5th Cir. 2013) (quoting <u>Bearry v. Beech Aircraft Corp.</u>, 818 F.2d 370, 374 (5th Cir. 1987)). In the Fifth Circuit, a court can exercise specific personal jurisdiction over a defendant "if the defendant's product made its way into the forum state while still in the stream of commerce"

---

[1] This Court granted Westfield and Elk's motion to join in and adopt memoranda in opposition to Vidrios's motion to dismiss filed by Paul Michael and Travelers at Record Document 18 and Plaintiffs at Record Document 21. <u>See</u> Record Document 24.

and the defendant possessed "foreseeability or awareness" of this possibility. Ainsworth, 716 F.3d at 177.

Vidrios argues that the only connection between it and Louisiana is that one of its products allegedly injured Plaintiffs in Louisiana. See Record Document 12-1 at 6. Vidrios contends that connection alone is insufficient to establish specific jurisdiction. Vidrios correctly notes that its contacts must be with the forum itself, not a plaintiff who happens to be in the forum. Therefore, Vidrios must have minimum contacts with Louisiana, rather than simply a connection to a plaintiff who happens to be injured in Louisiana. Vidrios argues that it sold the vase in question to Elk free-on-board, and therefore had no knowledge of its product's destination. See Record Document 25 at 4. Vidrios further argues that it has never done business in Louisiana, and it does not sell its products to consumers in Louisiana nor market its products in Louisiana. See Record Document 12-1 at 2. Additionally, Vidrios argues that it "had no knowledge that its products were being distributed to Louisiana retailers or sold in Louisiana." Id. Thus, Vidrios contends that the role it played in this case occurred out-of-state, and there is an insufficient connection to Louisiana to support specific jurisdiction.

Plaintiffs' and Non-moving Defendants' arguments reference Vidrios's admission that Vidrios places 5,200,000 products into the United States' stream of commerce each year. See Record Document 18 at 4. They further argue that the vase at issue was sold to a nationwide distributor, Elk Lighting. See id. Therefore, the Plaintiffs and Non-moving Defendants conclude that Vidrios should have reasonably foreseen that one of its 5,200,000 products, sent to a nationwide distributor, would end up in Louisiana. See id. Plaintiffs' and Non-moving Defendants' argument that Vidrios should have reasonably foreseen that one of its 5,200,000 products sent to a nationwide distributor would end up in Louisiana is misplaced. Juan's affidavit stated that

7

fourteen percent of Vidrios's annual sales are to distributors, equivalent to 1,820,000 products. It is not clear from the affidavit if all of these distributors are in the United States or are nationwide distributors.

Regardless, Elk is a nationwide distributor to whom Vidrios sold its product. Based on the purchase order form to Elk, Vidrios sold 550 products to at least this one nationwide distributor. See Record Document 12-2. Additionally, in their complaint, Plaintiffs allege that the Paul Michael Company employee "personally inspected other identical glass vases on display next to the one which exploded and observed them to have hairline fractures." Record Document 1-2 at 4. Based on these allegations, the Court can reasonably infer that there were other identical glass vases on the shelf that came from the same distributor, Elk. Thus, the Court can reasonably infer that the alleged injuries to Plaintiffs were not the only connection between Vidrios and Louisiana. Over five hundred of its products were sent to Elk which sells its products in all fifty states. There is no evidence to suggest that Vidrios made an effort to attempt to limit the territory in which Elk sells its products. See Ainsworth, 716 F.3d at 179 (holding that the defendant could have "reasonably anticipated" being haled into court in the forum state because the distributor "sells or markets [the defendant's] products in all fifty states, and [the defendant] makes no attempt to limit the territory in which [the distributor] sells its products."); Bean Dredging Corp. v. Dredge Tech. Corp., 744 F.2d 1081, 1085 (5th Cir. 1984) (finding personal jurisdiction where the manufacturer made "no attempt to limit the states in which its castings would be sold and used, albeit as a component part of a larger product."). Therefore, the facts in the record establish that Vidrios could have "reasonably anticipated" being haled into court in Louisiana.

Vidrios's product made its way into Louisiana while still in the stream of commerce, and Vidrios possessed foreseeability or awareness of this possibility when it sold 550 products to a

nationwide distributor without attempting to limit the states in which its products would be resold. The facts in this case support the exercise of personal jurisdiction over Vidrios. See Zoch v. Magna Seating (Germany) GmbH, 810 F. App'x 285, 293 (5th Cir. 2020) (explaining that specific jurisdiction for component parts manufacturers should be determined on a case-by-case basis under the facts of each individual case.). Having concluded that Vidrios purposefully entered into an agreement with a nationwide distributor and made no attempt to limit the scope of that distributor's marketing agreement, the Court finds that Vidrios availed itself of the Louisiana market and that Plaintiffs have met their burden.

The burden now shifts to Vidrios to demonstrate that the exercise of personal jurisdiction will offend traditional notions of fair play and substantial justice. See Ruston Gas Turbines v. Donaldson Co., 9 F.3d 415, 421 (5th Cir. 1993). "It is rare to say the assertion is unfair after minimum contacts have been shown." Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208, 215 (5th Cir. 1999). In making the fairness determination, a court must consider: "(1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering fundamental social policies." Ruston Gas Turbines, 9 F.3d at 421. In this case, Vidrios offers no reason as to how this Court's assertion of personal jurisdiction would offend traditional notions of fair play and substantial justice. Assessing all factors, the Court instead finds that the exercise of jurisdiction over Vidrios is both fair and reasonable.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Vidrios's motion to dismiss for lack of personal jurisdiction [Record Document 12] is **DENIED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 21st day of March, 2024.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE