UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| DENNIS MILTON JONES, ET AL. | CIVIL ACTION NO. 23-370 |
| VERSUS | JUDGE DONALD E. WALTER |
| VIDRIOS SAN MIQUEL, S.L., ET AL. | MAGISTRATE JUDGE MCCLUSKY |

### MEMORANDUM RULING

Before the Court is an unopposed motion to reconsider, filed by Defendant Vidrios San Miquel, S.L. ("Vidrios"). See Record Document 33. Vidrios requests the Court to reconsider the Court's March 21, 2024 ruling, denying Vidrios's motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). See id. For the reasons stated below, Vidrios's motion to reconsider (Record Document 33) is **GRANTED**.

### BACKGROUND

**I. Allegations.**

Sherill Jones ("Jones") alleges that on September 24, 2021, she visited a Paul Michael Company store in Monroe, Louisiana, with her minor daughter, hereinafter referred to as "CAJ." See Record Document 1-2 at 3. While shopping, Jones claims that she picked up an unpackaged glass vase, held the vase over her head to examine the price of the item, and the glass vase suddenly exploded. See id. Jones and CAJ ("Plaintiffs") assert that the glass shards from the vase resulted in "profuse bleeding about [Jones's] head, face, hands, and arms." Id. at 4. Plaintiffs allege that CAJ was standing adjacent to her mother and observed the explosion. As a result, Plaintiffs contend that CAJ "suffered severe and lasting emotionally traumatic injuries." Id. at 5.

On September 22, 2022, Plaintiffs filed suit in Louisiana's 4th Judicial District Court for the Parish of Ouachita, naming as defendants Vidrios, Elk Lighting, Inc. ("Elk"), Paul Michael d/b/a Paul Michael Company ("Paul Michael"), Travelers Indemnity Company of America ("Travelers"), and Westfield Insurance Company ("Westfield"). Plaintiffs allege that Vidrios is a foreign corporation who manufactured the glass vase that exploded. See Record Document 1-2 at 3, 5. Plaintiffs maintain that Elk is a corporation that manufactures and distributes lighting products and accessories to wholesalers and retailers. See id. at 5. Elk allegedly purchased the vase from Vidrios. See Record Document 12-2 at 3. Then, Elk allegedly distributed and sold the vase to Paul Michael, who owns retail stores specializing in home decor. See Record Document 1-2 at 5. Plaintiffs contend that Travelers is an insurance company that had in full force and effect a policy of liability insurance to and in favor of Paul Michael which provided coverage for its acts of negligence. See id. Additionally, Plaintiffs assert Westfield is an insurance company that had in full force and effect a policy of liability insurance to and in favor of Elk which provided coverage for its acts of negligence. See id.

**II.  Procedural History.**

The case was removed to this Court on March 22, 2023. See Record Document 1. On May 4, 2023, Vidrios filed a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). See Record Document 12. Plaintiffs, along with Paul Michael, Travelers, Westfield, and Elk (hereinafter, collectively "the Non-moving Defendants"), opposed Vidrios's motion to dismiss. See Record Documents 18 and 21.[1] In its motion to dismiss, Vidrios

---

[1] This Court granted Westfield and Elk's motion to join in and adopt memoranda in opposition to Vidrios's motion to dismiss filed by Paul Michael and Travelers at Record Document 18 and Plaintiffs at Record Document 21. See Record Document 24.

2

affirms that it is a company organized under the laws of Spain, and its principal place of business is in Valencia, Spain. See Record Document 12-1 at 2; Record Document 12-2 at 1.

Vidrios argues that the company is not "authorized" to do business in Louisiana. See Record Document 12-1 at 2. Vidrios further argues that it has never done business in Louisiana. See id. Vidrios contends that it has no offices, factories, or stores in Louisiana. See id. Additionally, Vidrios further contends that it does not sell its products to consumers in Louisiana nor market its products in Louisiana. See id. Vidrios attached a declaration of Rafael Fornes Juan, the President of Vidrios. See Record Document 12-2. Juan stated that Vidrios manufactures 13,000,000 units per year. See id. at 1. Only forty percent of those units are known to be sold directly to business entities located in the United States, and none of the business entities are in Louisiana. See id. According to Juan, of Vidrios's annual sales, fourteen percent are to distributors and eighty-six percent are to chain stores, and none are known to operate in Louisiana. See id. Juan stated that Elk purchased the vase at issue as part of a larger order, and the order was tendered to Elk "free on board" in Valencia, Spain. See id. at 2. Juan maintains that Vidrios was unaware of the destination of the order or the identity or location of any subsequent purchaser. Therefore, Vidrios's position is that this Court does not have general or specific personal jurisdiction over it. See Record Document 12.

On March 21, 2024, the Court denied Vidrios's motion to dismiss. See Record Document 30. Relying on the purchase order form to Elk, the Court found that Vidrios sold 550 products to at least one nationwide distributor. See id. at 8. Additionally, the Court relied on allegations in the complaint to "reasonably infer that there were other identical glass vases on the shelf that came from the same distributor, Elk." Id. The Court held:

> Vidrios's product made its way into Louisiana while still in the stream of commerce, and Vidrios possessed foreseeability or awareness of this possibility

3

when it sold 550 products to a nationwide distributor without attempting to limit the states in which its products would be resold. The facts in this case support the exercise of personal jurisdiction over Vidrios. See Zoch v. Magna Seating (Germany) GmbH, 810 F. App'x 285, 293 (5th Cir. 2020) (explaining that specific jurisdiction for component parts manufacturers should be determined on a case-by-case basis under the facts of each individual case.). Having concluded that Vidrios purposefully entered into an agreement with a nationwide distributor and made no attempt to limit the scope of that distributor's marketing agreement, the Court finds that Vidrios availed itself of the Louisiana market and that Plaintiffs have met their burden.

Id.

On April 16, 2024, Vidrios filed this motion to reconsider. See Record Document 33.[2] Vidrios contends that the Court "applied an incorrect legal standard and relied on erroneous factual findings, unsupported by record evidence" to reach its decision. Id. Therefore, Vidrios requests that the Court reconsider its denial of Vidrios's motion to dismiss. See Record Document 33-1 at 10. The motion is unopposed by all other parties.

## LAW AND ANALYSIS

**I. Motion to Reconsider.**

The Federal Rules do not specifically provide for a "motion to reconsider," so courts in the Fifth Circuit treat such a motion as a "either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004). Rule 59(e) governs when the motion to reconsider is filed within 28 days of the challenged order. See Clearline Techs. Ltd. v. Cooper B-Line, Inc., 871 F. Supp. 2d 607, 617 (S.D. Tex. 2012); Amegy Bank Nat. Ass'n v. Monarch Flight II, LLC, No. H-11-3218, 2011 WL 6091807, at *5 (S.D.Tex. Dec. 7, 2011). Here, the Court entered its ruling on March 21, 2024,

---

[2] On April 15, 2024, the Clerk of Court entered a Notice of Intent to Dismiss for Failure to Prosecute for Vidrios's failure to file a responsive pleading. The filing of the motion to reconsider reopened the issue of personal jurisdiction, and therefore, good cause was shown by Vidrios for its failure to file a responsive pleading.

4

and Vidrios filed its motion to reconsider on April 16, 2024. See Record Documents 30 and 33. Therefore, Vidrios filed its motion within 28 days of this Court's ruling denying the motion to dismiss. The Court will treat the motion as a Rule 59(e) motion.[3] See Clearline, 871 F. Supp. 2d at 617.

"Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 (5th Cir. 2012). A motion to alter or amend under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and "cannot be used to raise arguments which could, and should, have been made before the judgment issued." Rosenzweig v. Azurix Corp., 332 F.3d 854, 863–64 (5th Cir. 2003). A district court has considerable discretion as to whether to grant a Rule 59(e) motion. Clearline, 871 F. Supp. 2d at 617. Rule 59(e) "is an extraordinary remedy that should be used sparingly." Templet v. Hydrochem Inc., 367 F.3d 473, 479 (5th Cir.2004).

Here, Vidrios argues that the Court's prior ruling was manifestly erroneous in finding that it could exert personal jurisdiction over Vidrios. See Record Document 33-1 at 6. Vidrios maintains that there was no evidence to support the finding that Elk was a nationwide distributor. See id. at 8. Additionally, Vidrios contends that the Court relied on an allegation—not evidence— in "[finding] that a Paul Michael Company employee 'personally inspected other identical glass

---

[3] The Court notes that Vidrios brought this motion pursuant to Rule 60(b). See Record Document 33-1 at 3. Because Vidrios's motion was filed within 28 days of the final judgment, the Court construes it as a motion to amend the judgment under Rule 59(e). See Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 (5th Cir. 2012) (where the court considered the plaintiff's Rule 60(b) motion as a motion to amend judgment under Rule 59(e) because it was filed within the applicable 28-day time frame).

vases on display next to the one which exploded and observed them to have hairline fractures.'" Id. (internal citations omitted). Vidrios asserts that Plaintiffs produced no evidence in opposition to Vidrios's motion to dismiss. See id. Therefore, Vidrios's position is that the Court made a manifest error of law and "prematurely shifted the burden of proof away from Plaintiffs and onto Vidrios on the basis of factual findings not only unsupported by record evidence, but affirmatively contradicted by record evidence." Id. at 13. This Court finds it arguable that the Court's prior ruling was manifestly erroneous, and that it is, therefore, appropriate for this Court to reconsider whether this Court may exercise personal jurisdiction over Vidrios.

## II. Personal Jurisdiction.

Federal Rule of Civil Procedure 12(b)(2) authorizes a motion to dismiss for lack of personal jurisdiction. When a defendant challenges a court's exercise of personal jurisdiction, the plaintiff bears the burden of proving that jurisdiction does, in fact, exist. See Guidry v. U.S. Tobacco Co., 188 F.3d 619, 626 (5th Cir. 1999). On a pretrial motion such as this one where no evidentiary hearing is held, the uncontroverted allegations in the plaintiff's complaint must be taken as true and any conflicts between facts contained in the parties' affidavits must be resolved in the plaintiff's favor. See Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990). Those facts must create for the plaintiff only a prima facie showing of jurisdiction. See Travelers Indem. Co. v. Calvert Fire Ins. Co., 798 F.2d 826, 831 (5th Cir. 1986). A plaintiff who satisfies the minimal standard must still prove, by a preponderance of the evidence, the jurisdictional facts before obtaining relief on the merits against the non-resident. See id.; see also Felch v. Transportes Lar-Mex SA DE CV, 92 F.3d 320, 326 (5th Cir. 1996).

To exercise personal jurisdiction, a federal court sitting in diversity must satisfy both statutory and constitutional requirements. See Marathon Oil Co. v. A.G. Ruhrgas, 182 F.3d 291,

294 (5th Cir. 1999). The state's long-arm statute must confer jurisdiction over the defendant, and the court's exercise of personal jurisdiction must be consistent with the due process clause of the Fourteenth Amendment. See id. The Louisiana long-arm statute, Louisiana Revised Statute 13:3201, provides for the exercise of personal jurisdiction over a nonresident defendant by stating that:

> A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
>
> . . . .
>
> (8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.
>
> B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.

The Louisiana long-arm statute is coextensive with the limits of constitutional due process, merging the statutory and constitutional analyses into one. See La. R.S. 13:3201(B); A&L Energy, Inc. v. Pegasus Grp., 791 So. 2d 1266, 1270 (La. 6/29/01).

Due process requires that a defendant has sufficient minimum contacts with the forum state and that the exercise of jurisdiction is consistent with traditional notions of fair play and substantial justice. See Walk Haydel & Assoc., Inc. v. Coastal Power Prod. Co., 517 F.3d 235, 243 (5th Cir. 2008). The defendant must have committed an act which purposefully avails itself of the privilege of conducting activities with the forum state, and therefore, invoked the benefits and protections of the forum state's laws. See Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 1240 (1958).

"Minimum contacts" may give rise to either general or specific personal jurisdiction. Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo., 615 F.3d 364, 368 (5th Cir. 2010). General personal jurisdiction empowers a court to hear "any and all claims" against a defendant whose contacts with the forum state are "continuous and systematic" such that the defendant is "at home" in the state. Daimler AG v. Bauman, 571 U.S. 117, 121, 134 S. Ct. 746, 751 (2014). Specific personal jurisdiction exists when the defendant's contacts with the state arise from or are directly related to the cause of action. See Marathon Oil, 182 F.3d at 295. To determine whether a court may exercise specific jurisdiction, the Fifth Circuit prescribes a three-step analysis: "(1) whether the defendant has minimum contacts with the forum state; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." Jackson v. Tanfoglio Giuseppe, S.R.L., 615 F.3d 579, 585 (5th Cir. 2010) (citing Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 271 (5th Cir. 2006)). The contacts, while not as substantial as those required for an exercise of general jurisdiction, may not be merely "random, fortuitous, or attenuated." Clemens v. McNamee, 615 F.3d 374, 379 (5th Cir. 2010). Additionally, the contacts cannot result from the "unilateral activity of another party or third person." ITL Int'l, Inc. v. Constenla, S.A., 669 F.3d 493, 498 (5th Cir. 2012). If the plaintiff successfully establishes the first two prongs, the burden shifts to the defendant to show that litigation in the forum state would be "'so gravely difficult and inconvenient' that a party unfairly is at a 'severe disadvantage' in comparison to [its] opponent." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478, 105 S. Ct. 2174, 2185 (1985)

**III. Analysis.**

Vidrios reurges that its contacts with the state of Louisiana do not meet the requirements for either general or specific jurisdiction. See Record Document 12-1 at 2. In their prior

8

oppositions, Plaintiffs and the Non-moving Defendants agreed that there is no general jurisdiction in this case. Therefore, the Court's analysis will focus on specific jurisdiction.

In their initial briefs, Plaintiffs' and the Non-moving Defendants' focused their theory of personal jurisdiction on the "stream of commerce." Record Document 18 at 4; Record Document 21 at 5. "That doctrine recognizes that a defendant may purposely avail itself of the protection of a state's laws—and thereby will subject itself to personal jurisdiction—'by sending its goods rather than its agents' into the forum." In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig., 888 F.3d 753, 778 (5th Cir. 2018) (quoting J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 882, 131 S. Ct. 2780, 2788 (2011)). Under the "stream of commerce" approach to personal jurisdiction, the Fifth Circuit has consistently found that "the minimum contacts requirement is met so long as the court 'finds that the defendant delivered the product into the stream of commerce with the expectation that it would be purchased by or used by consumers in the forum state.'" Ainsworth v. Moffett Eng'g, Ltd., 716 F.3d 174, 177 (5th Cir. 2013) (quoting Bearry v. Beech Aircraft Corp., 818 F.2d 370, 374 (5th Cir. 1987)). In the Fifth Circuit, a court can exercise specific personal jurisdiction over a defendant "if the defendant's product made its way into the forum state while still in the stream of commerce" and the defendant possessed "foreseeability or awareness" of this possibility. Ainsworth, 716 F.3d at 177.

Vidrios asserted that the only connection between it and Louisiana is that one of its products allegedly injured Plaintiffs in Louisiana. See Record Document 12-1 at 6. Vidrios contended that connection alone is insufficient to establish specific jurisdiction. See id. Vidrios correctly noted that its contacts must be with the forum itself, not a plaintiff who happens to be in the forum. See id. Therefore, Vidrios must have minimum contacts with Louisiana, rather than simply a connection to a plaintiff who happens to be injured in Louisiana. Vidrios argued that it

sold the vase in question to Elk free-on-board, and therefore had no knowledge of its product's destination. See Record Document 25 at 4. Vidrios further argued that it has never done business in Louisiana, and it does not sell its products to consumers in Louisiana nor market its products in Louisiana. See Record Document 12-1 at 2. Additionally, Vidrios asserted that it "had no knowledge that its products were being distributed to Louisiana retailers or sold in Louisiana." Id. Thus, Vidrios contended that the role it played in this case occurred out-of-state, and there is an insufficient connection to Louisiana to support specific jurisdiction. See id. at 6.

Plaintiffs' and Non-moving Defendants' do not oppose the motion to reconsider. However, their arguments in opposition to the motion to dismiss referenced Vidrios's admission that Vidrios places 5,200,000 products into the United States' stream of commerce each year. See Record Document 18 at 4. They argued that the vase at issue was sold to a nationwide distributor, Elk Lighting. See id. Therefore, Plaintiffs and Non-moving Defendants concluded that Vidrios should have reasonably foreseen that one of its 5,200,000 products, sent to a nationwide distributor, would end up in Louisiana. See id. This argument is misplaced.

Plaintiffs and Non-moving Defendants have extrapolated Vidrios's admission with no factual basis for doing so. Juan stated that only fourteen percent of Vidrios's annual sales are to distributors. Plaintiffs and Non-moving Defendants failed to account for that reduction in their argument. Additionally, Plaintiffs and Non-moving Defendants imply that all 5,200,000 products were sent to nationwide distributors. There is no evidence to suggest that all distributors are nationwide distributors. When a defendant challenges a court's exercise of personal jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists. See Guidry, 188 F.3d at 626. Plaintiffs must show that Vidrios committed an act which purposefully availed itself of the privilege of conducting activities with Louisiana and therefore invoked the benefits and protections

of Louisiana's laws. Based on the materials presently before the Court, the Court finds that Plaintiffs did not meet their burden, and the Court may not exercise personal jurisdiction over Vidrios.

### **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Vidrios's motion to reconsider (Record Document 33) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's March 21, 2024 Memorandum Ruling (Record Document 30) is **VACATED**.

**IT IS FURTHER ORDERED** that Vidrios's motion to dismiss for lack of personal jurisdiction (Record Document 12) is **GRANTED**.

An order consistent with the instant Memorandum Ruling shall be issued herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 29th day of July, 2024.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE